MINNESOTA VALLEY CANNING COMPANY, employer, et al., appellees, v. MABEL NANCY (MRS. CARL) REHNBLOM, appellant and cross-appellee; DORIS G. REHNBLOM et al., appellees and cross-appellants.

No. 47903.

(Reported in 49 N.W.2d 553)

OCTOBER 16, 1951.

Doran, Doran, Doran & Erbe, of Boone, for appellant and cross-appellee.

Hirschburg & Reynolds, of Ames, for appellees and cross-appellants.

Steward & Crouch, of Des Moines, for appellees.

WENNERSTRUM, J.—Carl Martin Rehnblom was an employee of the Minnesota Valley Canning Company of Ames, Iowa, at the

time of his death, which resulted from an airplane crash one mile west of Vinton, Iowa, on June 1, 1949. The Minnesota Valley Canning Company and its insurance carrier, Employers Mutual Liability Insurance Company of Wisconsin, conceded their liability to the dependents of Rehnblom and that his death arose out of and in the course of his employment. On September 23, 1949, they filed in the office of the Industrial Commissioner of the State of Iowa their application for arbitration for the purpose of obtaining a determination who the beneficiaries were of the deceased employee.

The mother of the decedent and his minor daughter, who was then under sixteen years of age, were both claimants. Following a hearing (section 86.17, 1946 Code) before him the deputy industrial commissioner found that the mother, Mabel Nancy Rehnblom, was fifty per cent dependent upon the deceased employee for her support, but by reason of the provisions of section 85.42 of the 1946 Code he awarded all death benefits for three hundred weeks at the rate of $20 per week to Sherry L. Rehnblom, the daughter. The hearing before the deputy industrial commissioner had been held at Ames, Story County, Iowa, by reason of a stipulation entered into by the parties.

On appeal to the industrial commissioner (section 86.24, 1946 Code) he confirmed and approved the holding of the deputy industrial commissioner. Thereafter the mother appealed (section 86.26, 1946 Code) to the District Court of Story County. The daughter filed a special appearance and a motion to dismiss, claiming that under the statute (section 86.26, 1946 Code) the appeal should have been taken to Benton County where the injury occurred. The District Court of Story County (Honorable G. R. Hill) overruled the special appearance and the motion to dismiss. Thereafter the appeal was heard on its merits by Honorable John M. Schaupp. The district court held for the daughter because of the provisions of the statute (section 85.42, 1946 Code) which provides that a minor child under sixteen years of age is conclusively presumed to be wholly dependent on the father, whether actually dependent for support or not upon him at the time of his death.

Mabel Nancy Rehnblom, the mother and the appellant herein, has appealed to this court from the ruling of the district court, claiming that its ruling was erroneous in not awarding her at

least one half, if not all, of the death benefits paid by the insurance carrier of the employer. Sherry L. Rehnblom, appellee on the appeal of Mabel Nancy Rehnblom, has cross-appealed from the ruling of the District Court of Story County which held that it had jurisdiction to hear the appeal taken by Mabel Nancy Rehnblom from the ruling of the industrial commissioner to the District Court of Story County, Iowa.

At the time of the death of Carl Martin Rehnblom he was divorced from his former wife, Doris G. Rehnblom. Under the terms of the divorce decree Rehnblom was not liable for any further support of his minor daughter, Sherry L. Rehnblom, and was only liable for one half of the medical expenses and other particularly noted items referred to in the decree.

Inasmuch as we are of the opinion that the ruling of the district court which overruled the special appearance and motion to dismiss of Sherry L. Rehnblom was erroneous, our comments concerning it are determinative of the case. We shall not pass on the matter of the appeal of the appellant on the merits of the case.

 I. Venue is not the determinative question on the cross-appeal of the daughter. Venue means the place where a cause is to be originally tried. 56 Am. Jur., section 2, page 4; Hulburd v. Eblen, 239 Iowa 1060, 1064, 33 N.W.2d 825. The legislature may fix the venue or place of trial of civil actions as long as constitutional provisions are not violated. 56 Am. Jur., section 4, page 7. In Iowa the preliminary hearing before a deputy industrial commissioner of workmen's compensation cases "* * * shall be in the county where the injury occurred, but by written stipulation of the parties filed in the case it may be held at any other place in the state." Section 86.17, 1946 Code. After the review by the industrial commissioner the proceeding for further appeal and review is of an appellate nature. Because the question involved pertains to appellate jurisdiction rather than venue the cases cited by Mabel Nancy Rehnblom relative to a motion for a change of venue are not applicable.

Section 86.26, 1946 Code, is as follows:

"Appeal. Any party aggrieved by any decision or order of the industrial commissioner in a proceeding on review, may within thirty days from the date such decision or order is filed,

appeal therefrom *to the district court of the county in which the injury occurred,* by filing in the office of the commissioner a written notice of appeal setting forth in general terms the decision appealed from and the grounds of the appeal. The commissioner shall forthwith give notice to the other parties in interest." (Italics supplied.)

We will take judicial notice that an accident or injury that occurred one mile west of Vinton is in Benton County and not in Story County. Inasmuch as the appeal was not taken to the district court of the county wherein the injury occurred, it is our conclusion that the ruling of the district court which overruled the special appearance and the motion to dismiss of the cross-appellant was erroneous.

Where an appellate court is without jurisdiction of the subject matter its proceedings and judgment are absolutely void and they can have no effect on the proceedings or decision from which an appeal is taken. 4 C. J. S., Appeal and Error, section 42, page 124.

In the case of Macklot v. City of Davenport, 17 Iowa 379, 387, we stated:

"It may, therefore, be safely held that where a statute upon a particular subject has provided a tribunal for the determination of questions connected with that subject, the jurisdiction thus conferred is exclusive, unless otherwise expressed or clearly manifested * * *."

See also Call Bond and Mortgage Co. v. City of Sioux City, 219 Iowa 572, 584, 259 N.W. 33.

And in connection with a discussion of a right to an appeal to this court, in State v. Olsen, 180 Iowa 97, 99, 162 N.W. 781, 782, we stated: "The right of appeal is purely statutory. To invoke the appellate jurisdiction of this court, the statute must be followed."

And to properly effect an appeal in a workmen's compensation case the statute likewise must be followed. In the present case the statute was not followed. The question pertaining to the right of the Story County District Court to entertain the appeal from the decision of the industrial commissioner was properly raised. The ruling on the special appearance and the motion to

dismiss was erroneously made and consequently the Story County District Court was without jurisdiction to hear the appeal. We, therefore, reverse on the cross-appeal and remand with direction to sustain the special appearance and motion to dismiss of Sherry L. Rehnblom.—Reversed and remanded.

All JUSTICES concur.