**George W. WARNECKE, Appellant,**

v.

**STATE TAX COMMISSION, Respondent.**

**No. 48130.**

Supreme Court of Missouri,

Division No. 1.

Nov. 14, 1960.

Modified on Court's Own Motion
Dec. 2, 1960.

1. All statutory references will be to that revision unless otherwise stated.

Grand, Peper, Martin & Roudebush, Lewis R. Mills, St. Louis, Hendren & Andrae, John H. Hendren, Jefferson City, for appellant.

John M. Dalton, Atty. Gen., Donal D. Guffey, Asst. Atty. Gen., Jefferson City, Thomas J. Neenan, City Counselor, Thomas F. McGuire, Floyd McBride, Associate City Counselors, St. Louis, for respondent.

COIL, Commissioner.

George W. Warnecke has appealed from a judgment of the Circuit Court of Cole County affirming an order and decision of the Missouri State Tax Commission entered after the commission heard Warnecke's appeal from an order of the St. Louis Board of Equalization affirming the assessment on Warnecke's real estate located in St. Louis and known as the Paul Brown Building. The decision of the commission was ren-

dered on December 11, 1958, and on January 9, 1959, Warnecke filed a petition for review of that decision in the Circuit Court of Cole County. On April 6, 1959, the commission filed its motion to dismiss on the grounds that the court had no jurisdiction over either the subject matter or the commission. The trial court overruled the motion and thereafter, as noted, affirmed the commission's decision.

Warnecke here contends that the trial court erred in holding that the commission's decision was authorized by law for specified reasons. The commission contends first that the trial court erred in failing to dismiss the action on the ground of lack of jurisdiction. We are of the opinion that respondent's contention in that respect should be sustained.

Section 138.470 [1] in the chapter on equalization and review of tax assessments, provides for a hearing before the commission or a member thereof to determine whether the assessment of the property under inquiry was made according to law, and paragraph 4 thereof is: "The action of the commission, or member or agent thereof, when done as provided in this section, shall be final, subject however, to review in the manner provided in sections 536.100 to 536.140, RSMo, *except that the venue* of proceedings for review involving the assessment of real property *is in the county where the real property is situated.*" (Our italics.) The review provisions "in sections 536.100 to 536.140" are those in the Administrative Procedure and Review Act and the specific portions pertinent to consider in properly construing paragraph 4 of section 138.470 set forth above, are the provisions of paragraphs 1 and 3 of section 536.110, which are:

"1. Proceedings for review *may be instituted* by filing a petition *in the circuit court* or court of common pleas *of the county of proper venue* within thirty days after the mailing or delivery of the notice of the agency's final decision.

"2. * * *

"3. *The venue of such cases shall,* at the option of the plaintiff, *be in the circuit court of Cole county or in the county of the plaintiff or of one of the plaintiff's residence* or if any plaintiff, is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. The court in its discretion, may permit other interested persons to intervene." (Our italics.)

It is clear that the provisions for review of a decision of the State Tax Commission are the same as the provisions for review set forth in section 536.110 of the Administrative Procedure Act, except that the venue for the proceedings to review a decision of the tax commission involving the assessment of real property is exclusively in the county where the real property is situated and not, as under section 536.110, at the option of the plaintiff, either in the Circuit Court of Cole County or in the county of one of the plaintiffs' residences.

Appellant says it is apparent from the language of paragraph 4 of section 138.470 (above quoted) that "when the Legislature used the word 'venue' it meant 'venue.' If it had meant 'jurisdiction' it would have said 'jurisdiction,'" and that inasmuch as the commission's motion to dismiss was not filed within twenty days after the service of the last prior pleading, as provided and required by sections 509.290 and 509.330 (Civil Rules 55.31 and 55.36, V.A.M.R.), the commission waived its objection to venue by reason of the provisions of section 509.-340 (Civil Rule 55.37). We should agree with appellant's conclusion if the only effect of the pertinent provisions of sections 138.470 and 536.110 is to designate a place or location as a matter of convenience at

I. All section citations herein are to sections of RSMo 1949, V.A.M.S. unless otherwise noted.

which a court having jurisdiction of the subject matter in a particular case is to adjudicate the issues; for in that event, the question involved would be one of venue only and the commission's objection would, as contended by appellant, have come too late.

■ In our view, however, the pertinent provisions of sections 138.470 and 536.110 prescribe not only "the venue" but confer exclusive appellate jurisdiction to review a decision of the State Tax Commission involving the assessment of real estate upon the circuit court of the county in which the real estate is located. Paragraph 1 of section 536.110 provides that proceedings for review (including proceedings for review of the decisions of the State Tax Commission) may be instituted by filing a petition *in the circuit court* or court of common pleas *of the county of proper venue*. Thus paragraph 1 confers the jurisdiction or power to review a decision of an administrative body upon the circuit court of the county of *proper venue* and the county of *proper venue* is determined by the so-called "venue" provision of paragraph 4 of section 138.470, which, for this proceeding, designates the county of "proper venue" as the county in which the real property is situated. It must follow that the *jurisdiction* to review a decision of the State Tax Commission involving the assessment of real property is conferred *exclusively* upon the circuit court in the county where the involved real property is located.

■ The decisive question here involves the appellate jurisdiction of a particular circuit court to review a particular administrative decision; "venue" in the usual sense is not involved. Appellate jurisdiction to review any decision of any administrative body is not conferred upon any circuit court by any constitutional provision. It is true that Article V, Section 22, Mo. Const.1945, V.A.M.S., provides that all final decisions, findings, rulings, and orders of administrative bodies which are judicial or quasi-judicial and affect private rights "shall

be subject to direct review by the courts *as provided by law* * * *." (Our italics.) That section guarantees the right to judicial review, but leaves it to the legislature to provide the method for such review including the designation of the courts which have jurisdiction to review particular proceedings. Article V, Section 14, Mo.Const.1945, provides that circuit courts shall have only such appellate jurisdiction as is provided by law. The only appellate jurisdiction "provided by law" in any circuit court to review a finding or decision of the State Tax Commission which involves the assessment of real property is in the circuit court of the county where that real property is situated.

■ And this court has held that the legislature has the right to say that particular circuit courts have exclusive jurisdiction on appeals from the orders of an administrative agency such as the Public Service Commission. Ward v. Public Service Commission, 341 Mo. 227, 108 S.W.2d 136. The pertinent portions of the statute (present section 386.510) providing for appellate jurisdiction of circuit courts on appeals from orders of the Public Service Commission provide that the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of certiorari or review, and, further, that "No court in this state, except the circuit courts to the extent herein specified and the supreme court or the various courts of appeals on appeal, shall have jurisdiction to review," etc. This court held in the Ward case that the statute was not violative of the constitution because the legislature had the right to fix exclusive jurisdiction of appeals from a particular commission in particular circuit courts. It is true that the statute in the present case does not contain an explicit direction that no other circuit courts shall have jurisdiction to review, as does the Public Service Commission review provision (§ 386.150), but the provisions of section 536.110 and of paragraph 4 of section 138.470, properly construed, clearly

have the effect of giving a particular circuit court exclusive appellate jurisdiction in particular cases.

Other jurisdictions have held that failure to comply with a statute which provides the remedy of judicial review of administrative proceedings and specifies the procedure to be followed is jurisdictional and that unless a court is the court specified, it does not have jurisdiction of the particular case. See, for example, Ballman v. Duffecy, 230 Ind. 220, 102 N.E.2d 646, 650 [6, 7] [8–10], cited and quoted from with approval in State ex rel. Burns v. Stanton, Mo.App., 311 S.W.2d 137, 140 [2]. In Minnesota Valley Canning Co. v. Rehnblom, 242 Iowa 1112, 49 N.W.2d 553, 555, the court was construing the provision for judicial review of a decision of an industrial commissioner which provided that an aggrieved party might appeal from an order of the industrial commissioner made in a proceeding on review "to the district court of the county in which the injury occurred" etc. It was held that the question was one of appellate jurisdiction and not venue and that the district court of any county other than the county in which the injury occurred did not have jurisdiction to review the decision or order, and, 49 N.W.2d at page 555, the court said: "In the case of Macklot v. City of Davenport, 17 Iowa 379, 387, we stated: '* * * It may, therefore, be safely held that where a statute upon a particular subject has provided a tribunal for the determination of questions connected with that subject, that the jurisdiction thus conferred is exclusive, unless otherwise expressed or clearly manifested; * *' See also Call Bond & Mortgage Co. v. City of Sioux City, 219 Iowa 572, 584, 259 N.W. 33." See also Peplinski v. Michigan Employment Security Commission, 359 Mich. 665, 103 N.W.2d 454; Scott v. Nevada Employment Security Dept., 70 Nev. 555, 278 P.2d 602.

We are of the opinion that the Circuit Court of Cole County was without jurisdiction to take any action in the pending proceedings other than to dismiss the petition for review.

The appeal is dismissed and the case is remanded with directions to the circuit court to set aside its judgment affirming the commission's order and decision and to dismiss the petition for review.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.