STANLEY PRICE, claimant-appellant, v. FRED CARLSON COMPANY, employer, and OHIO CASUALTY COMPANY, insurance carrier, defendants-appellees.

No. 50690.

(Reported in 117 N.W.2d 439)

OCTOBER 16, 1962.

Smith & Hanson, of Emmetsburg, for claimant-appellant.

Davis, Huebner, Johnson, Burt & Fulton, of Des Moines, for defendants-appellees.

LARSON, J.—This is a proceeding under the Workmen's Compensation Act. The claimant was injured on September 18, 1957, and pursuant to a memorandum of agreement executed under date of November 6, 1957, approved by the commissioner, claimant was paid compensation for a period of 110 weeks at the rate of $32 per week, or $3520. Under that agreement the period of disability and the amount of the compensation were left undetermined.

On April 20, 1960, claimant filed an "Application for Review-Reopening", praying that the matter be set for a hearing and an order or award be made "granting such relief as the said claimant may be entitled to in the premises." Defendants filed their answer with the industrial commissioner on April 26, 1960, setting forth the memorandum, and denied there was any change in claimant's condition since the parties had filed same or that he was entitled to any additional compensation under the compensation law. Following claimant's reply a hearing was had on the application before a deputy industrial commissioner and his decision was filed June 13, 1961. In that decision it was found

that on September 18, 1957, the claimant sustained a personal injury to his back arising out of and in the course of his employment, resulting in permanent disability to the extent of twenty percent of his body as a whole; that he failed to prove by a preponderance of the evidence that any anxiety feeling from which he may be suffering was causally related to said employment injury, and ordered defendants to pay compensation at the rate of $32 per week for 100 weeks plus a healing period of 20 weeks, or a total of 120 weeks, less the 110 weeks paid, or a net total increase of 10 weeks, same to be paid in a lump sum together with statutory interest. Doctor and hospital bills in the sum of $37 were also ordered paid by defendants, and they were assessed the costs of that proceeding.

Being dissatisfied with the decision, claimant filed a "Petition for Review" with the Iowa Industrial Commissioner on June 22, 1961, in which he asked that the rulings and orders adverse to him be examined and reversed.

Defendant's motion to dismiss claimant's petition filed July 17, 1961, was granted by the commissioner August 8, 1961. In that opinion he held the determination by the deputy commissioner "is not reviewable by and before the Industrial Commissioner", citing Henderson v. Iles, 248 Iowa 847, 82 N.W.2d 731, and cases cited therein.

On the seventh day of September, 1961, the claimant filed his notice of appeal to the District Court of Black Hawk County, stating he "is appealing from the Order Dismissing Claimant's Petition for Review, said order being in error as a matter of law."

Defendants then filed a special appearance attacking the jurisdiction of the district court on the grounds that it had no jurisdiction in an appeal to review the industrial commissioner's ruling of August 8, 1961, and that the claimant had failed to file a proper notice of appeal to the district court within thirty days from the filing by the deputy industrial commissioner of the only appealable order entered in the matter, i.e., his review-reopening decision of June 13, 1961.

On November 14, 1961, the district court sustained the spe-

cial appearance and dismissed the appeal. Claimant appeals to us.

Propositions relied upon for reversal are: (1) That the industrial commissioner erred in dismissing the claimant's Petition for Review of the Deputy Industrial Commissioner's Review-Reopening Decision; and (2) that the district court erred in dismissing the claimant's appeal to the district court.

I. These issues involve construction of the Workmen's Compensation Act as it relates to jurisdiction. Stice v. Consolidated Indiana Coal Co., 228 Iowa 1031, 291 N.W. 452. While we have not said directly that an appeal from the decision of a deputy commissioner to the district court is the exclusive remedy for one dissatisfied with a review-reopening decision sought under section 86.34 of the Code, we think it is the only reasonable deduction to be drawn from the statutes and our former cases. Section 86.34 as amended by chapter 64, Acts of the Fifty-third General Assembly in 1949; Stice v. Consolidated Indiana Coal Co., supra; Henderson v. Iles, supra, 248 Iowa 847, 82 N.W.2d 731, and Henderson v. Iles, 250 Iowa 787, 789, 96 N.W.2d 321.

In so holding, we are not unmindful of the general rule adopted by this court that the Workmen's Compensation Act is for the benefit of the workingman and should be construed as liberally as possible to him. Barton v. Nevada Poultry Co., 253 Iowa 285, 110 N.W.2d 660. On the other hand, we are not sure the construction advocated by claimant here would be in his favor. To construe this act to permit an appeal of a deputy's decision to the commissioner in a review-reopening petition would be to add just another step in a claimant's effort to obtain a final determination of his rights to compensation. That position, it seems, was rejected in the early case of Flint v. City of Eldon, 191 Iowa 845, 847, 183 N.W. 344, 345, in the following language:

"The purpose, intent, and scheme of workmen's compensation legislation is well understood, and its historical significance has been frequently expressed in decisions. The fundamental reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford

an efficient and speedy tribunal to determine and award compensation under the terms of this act."

For us to add an appeal in these proceedings, unless the language of the Act leaves us no alternative, would seem contrary to one of the basic purposes of the law. We believe section 86.34 requires no such interpretation. Indeed we find the court's position on this question was made clear in Stice v. Consolidated Indiana Coal Co., supra, even before an amendment to the section was enacted in 1949.

Historically, it is interesting to note that a legislative effort had been made to clear up the question as to the finality of a deputy's decision in a reopening matter. In 1949 the legislature passed chapter 64, Acts of the Fifty-third General Assembly, which inserted in section 86.34 the words we have italicized as follows:

"Any award for payments or agreement for settlement made under this chapter where the amount has not been commuted, may be reviewed by the industrial commissioner *or a deputy commissioner* at the request of the employer or of the employee at any time within three years from the date of the last payment of compensation * * *. *Any party aggrieved by any decision or order of the industrial commissioner or a deputy commissioner on a review of award or settlement as provided in this section, may appeal to the district court * * * in the same manner as is provided in section 86.26.*"

Any doubt that such determination under section 86.34 by the "commissioner or a deputy" is such a final determination which must be appealed to the district court within thirty days (section 86.26) thus seems to be resolved, and the failure of the aggrieved party to so appeal would seem to be fatal to the jurisdiction of the district court to review that decision.

Henderson v. Iles, 248 Iowa 847, 82 N.W.2d 731, cited by both parties in their briefs, is a case involving almost identical facts. Therein we cited the Stice case, supra, and held the remedy for an aggrieved party in a review-reopening hearing decision was a direct appeal to the district court within thirty days after that decision was filed.

II. Our first consideration of this problem appears in Stice

v. Consolidated Indiana Coal Co., supra. Under just such a memorandum of agreement as we have here it was held on page 1039 of 228 Iowa "that the commissioner was without jurisdiction or power to interfere with, disturb or relitigate the matter adjudicated by the [deputy's] decision * * *." We shall not repeat the rather exhaustive review of authorities nor the discussion of the provisions relating to appeals found therein, but do note that they were reaffirmed in the case of Henderson v. Iles, supra, 248 Iowa 847, 82 N.W.2d 731. In the Henderson case is also found an approved memorandum of agreement in regard to compensation and payment of claimant's compensation and doctor bills at that time. When the employer ceased to pay benefits at the end of twenty-six weeks, the claimant petitioned for additional relief. Pursuant to due notice, a hearing was had before the deputy commissioner and he filed his "Review Reopening Decision" granting claimant additional compensation, plus doctor bills. Dissatisfied with that determination, claimant filed a petition for review with the commissioner. No appeal was taken to the district court until after the commissioner had decided he had no power to reconsider the matter, which far exceeded the thirty days allowed for such an appeal.

We held therein a party aggrieved by any decision or order of the industrial commissioner or his deputy in a review-reopening matter could within thirty days from the date of such decision appeal to the district court of the county in which the injury occurred. Section 86.34, Code, 1954. We said, "It must be conceded that if the hearing before the deputy commissioner * * * was not subject to review by the commissioner, the appeal to the district court * * * was too late" for more than thirty days had elapsed since that decision. It was concluded under section 86.34 the original agreement was subject to the commissioner's review, having been at least partially executed. 13 Iowa Law Review 110; Sauter v. Cedar Rapids & Iowa City Ry., 204 Iowa 394, 214 N.W. 707. On page 853 of 248 Iowa we held that such a hearing and determination by the deputy commissioner, acting for and in behalf of the commissioner, was not then reviewable before the commissioner.

■■ Claimant believes, because of the language used and

the consideration of other questions involved, we indicated some doubt as to the correctness of that conclusion, but we take this occasion to restate our position in clear and unmistakable words that, when a decision is rendered pursuant to a hearing in a review-reopening under section 86.34 of the Code, whether by the commissioner or by a deputy commissioner, the decision is final unless the aggrieved party perfects his appeal to the district court within thirty days after the decision is filed. It was so stated in Henderson v. Iles, supra, 250 Iowa 787, 790, 96 N.W.2d 231. Authority to do more than correct an obvious mistake in one of his own decisions similar to the entry of an order nunc pro tunc by the district court is clearly lacking, and we are satisfied that with that possible exception his jurisdiction ceases until perhaps another proper petition for review-reopening is filed in the matter under section 86.34. Henderson v. Iles, supra, 248 Iowa at page 857, 82 N.W.2d at page 737, and Henderson v. Iles, supra, 250 Iowa at page 792, 96 N.W.2d at page 323.

III. We find no merit in claimant's contention that the words "may within thirty days from the date such decision or order is filed, appeal therefrom to the district court", used in section 86.26, were merely permissive. Our interpretation of those terms so used is and always has been that they simply refer to the option of the parties to accept the decision or award or proceed to perfect an appeal to the courts. Without specific reference to another de novo hearing such as is found in section 86.24, Code, 1962, we cannot find in those words the option of another hearing on the merits of the controversy by the commissioner.

IV. Having decided the commissioner had no jurisdiction to entertain a petition for review, and that more than thirty days had passed before an appeal from the deputy's decision, it must follow that the district court obtained no jurisdiction to hear this appeal on its merits. The district court, of course, has no jurisdiction to review decisions in workmen's compensation matters except as provided in that act. Soukup v. Shores Co., 222 Iowa 272, 274, 268 N.W. 598, and cases cited. Thus when it appears claimant has failed to perfect his appeal by filing a

timely notice as required in the Act, the district court would have no jurisdiction to consider the appeal, and a special appearance would seem proper to contest its jurisdiction. We, therefore, hold under the facts as they appear here the district court obviously had no jurisdiction to review the only appealable decision herein, i.e., that of the deputy commissioner rendered June 13, 1961.

V. Claimant, however, contends the trial court erred in sustaining defendants' special appearance and in dismissing his appeal from the decision of the industrial commissioner of August 8, 1961. He argues that appeal was timely and called for a decision by the district court on the issue as to whether the commissioner had jurisdiction to rehear his claim for additional benefits, or had properly dismissed his petition for review. The difficulty with this contention, as we see it, is that there is no statutory authority in the Workmen's Compensation Act for such a review or appeal. As pointed out above, the statute provides only for a timely appeal from the decision on review-reopening, whether made by the deputy or the commissioner himself. Under this record that was not done.

Since the decision rendered by the commissioner was a gratuity and went beyond his jurisdiction, this action on his part we do not believe would create an appealable decision in the district court. It would add nothing toward enlarging the district court's jurisdiction of the subject matter, or extend its limited power to consider only authorized appeals under the Workmen's Compensation Act. Clearly the right claimed or the remedy here sought is under the compensation law. We, therefore, conclude this attempted appeal was subject to attack by special appearance. In Hlas v. Quaker Oats Co., 211 Iowa 348, 353, 233 N.W. 514, we held special appearance to contest the court's jurisdiction under such circumstances was proper. See rules 66 and 104, R. C. P.; Iowa Forms Civil Procedure and Practice, Volume 5, by Loth, section 142, page 53, and Schulte v. Great Lakes Forwarding Corp., 228 Iowa 1012, 291 N.W. 158, on propriety of special appearance to question the court's jurisdiction over the subject matter involved.

We are satisfied the district court properly sustained defendant's special appearance and dismissed the appeal.—Affirmed.

All JUSTICES concur.