**IOWA PUBLIC SERVICE COMPANY,**
**Appellant,**

v.

**IOWA STATE COMMERCE**
**COMMISSION, Appellee,**

v.

**TERRA CHEMICALS INTERNATIONAL, INC. and the League of Iowa Municipalities, Intervenors-Appellees.**

**No. 59150.**

Supreme Court of Iowa.

March 22, 1978.

Swisher & Cohrt, Waterloo, for appellant.

Don Charles Uthus, Commerce Counsel, and Leo J. Steffen, Jr., and Patrick E. Cavanaugh, Asst. Commerce Counsel, Des Moines, for Iowa State Commerce Commission.

Gleysteen, Harper, Kunze, Eidsmoe & Heidman, Sioux City, for Terra Chemicals International, Inc.

Considered by MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This appeal is here to challenge an order sustaining special appearances of the Iowa State Commerce Commission and Terra Chemicals International, Inc. We affirm the trial court.

The plaintiff, Iowa Public Service Company, is an Iowa corporation with its principal place of business at Sioux City. It is a public utility engaged in the distribution of gas and electricity. We hereafter refer to it as the utility.

The defendant, Iowa State Commerce Commission, is an administrative agency created under Chapter 474, The Code, with authority to regulate public utilities operating in this state. We refer to it as the commission.

Terra Chemicals International, Inc. secured permission to intervene in this cause as a consumer directly affected by the utility's proposed rate increase. We refer to it as Terra.

The League of Iowa Municipalities neither argued orally nor submitted a brief. We therefore give its position no attention in our consideration of this appeal.

On December 13, 1974, the utility applied for an increase in its rates. On July 25, 1975, the commission denied the application as far as its contract to supply Terra with natural gas was concerned and ordered it to refund to Terra all sums collected in excess of the contract rates while the application was pending. The utility's application for rehearing was denied, and this appeal followed. All statutory references are to the 1975 Code.

We are not now concerned with the merits of the commission's decision. The two matters raised are procedural only: (1) That trial court erred in finding § 17A.19(2) of the Iowa Administrative Procedure Act relates to jurisdiction rather than venue; (2) That trial court erred in finding Black Hawk County was not a proper county in which the utility could obtain judicial review of the commission's order.

Section 17A.19(2) provides in part as follows:

"Proceedings for judicial review shall be instituted by filing a petition either in Polk county district court or in the district court for the county in which the petitioner resides or has its principal place of business. When a proceeding for judicial review has been commenced, the court may, in the interest of justice, transfer the proceeding to another county where the venue is proper."

The district court held the provisions of this section identify the courts which have *jurisdiction* to hear reviews under the statute rather than fixing the place where *venue* lies. It then sustained the special appearances, holding the utility's application could be heard only in Polk County or Woodbury County, the latter being the utility's principal place of business.

## I. *Jurisdiction*

The utility's principal quarrel goes to the trial court's finding it was without jurisdiction to entertain this cause. This, in turn, depends upon the legislative intent in designating certain counties where decisions of the commission can be heard on judicial review.

The utility's argument—and its authorities—would be persuasive if we were concerned with *original* jurisdiction. The determinative question, which the utility persistently ignores, is that the trial court is exercising *appellate* jurisdiction in reviewing administrative decisions of the commission.

■ The commission is an administrative agency granted original jurisdiction over utility rates and other regulatory matters. Before resort can be had to the courts, § 17A.19(1) provides that administrative procedures before the commission must be exhausted. *See Rowen v. LeMars Mutual Insurance Company of Iowa*, 230 N.W.2d 905, 909 (Iowa 1975).

■ The right to appeal is purely statutory and is controlled by § 17A.19 of The Code. *See Eastern Iowa Light and Power Co-op v. Interstate Power Co.*, 164 N.W.2d 135, 138 (Iowa 1969); *Carmichael v. Iowa State Highway Commission*, 156 N.W.2d 332, 335 (Iowa 1968); *Cedar Rapids Steel Transportation, Inc. v. Iowa State Commerce Commission*, 160 N.W.2d 825, 830 (Iowa 1968); 2 Am.Jur.2d Administrative Law, § 557 p. 366 and § 716 p. 618.

The utility points to several of our cases where we have said applications to review administrative proceedings are original, not appellate, proceedings, *Danner v. Hass*, 257

Iowa 654, 666, 134 N.W.2d 534, 542 (1965); *In Re Community School District of Farragut*, 250 Iowa 1324, 1328–30, 98 N.W.2d 888, 891 (1959).

In the *Farragut* opinion, we said:

"We must for the purposes of jurisdiction, and of procedure and pleading, *except where the statute specifically outlines these matters*, view this 'appeal' as merely an original proceeding in the district court to determine the rights of the parties and the legality of the actions of the administrative body." (Emphasis supplied).

The apparent conflict between cases holding reviews of administrative decisions are original in nature and those which say they are appellate is explained in *Carmichael v. Iowa State Highway Commission*, 156 N.W.2d at 334–37, where we held judicial review of administrative decisions is an original proceeding unless the legislature has indicated a contrary intent.

In *Carmichael* we held the legislature made specific provision in Chapter 472 for matters of procedure and pleading, thus coming within the exception noted in *Farragut*, which limits its holding to situations in which the legislature has *not* done so. We find § 17A.19(2) is even more detailed in prescribing rules for judicial review of administrative decisions. We are convinced the matter now before us, and the statutes here at issue, deal with appellate, rather than original, jurisdiction.

We have held a review from a decision of the Iowa State Commerce Commission is "akin to review in workmen's compensation cases." *Davenport Water Co. v. Iowa State Commerce Commission*, 190 N.W.2d 583, 590–91 (Iowa 1971). Workmen's compensation reviews are appellate in nature. *Minnesota Valley Canning Co. v. Rehnblom*, 242 Iowa 1112, 1116, 49 N.W.2d 553, 554 (1951).

Other cases reaching this conclusion under comparable facts include *Brown v. LTV Aerospace Corporation*, 394 Mich. 702, 232 N.W.2d 656, 664–65 (1975); *Springfield General Osteopathic Hospital v. Industrial Commission*, 538 S.W.2d 364, 368 (Mo.App.

1976); *Wagner v. North Dakota Board of Barber Examiners*, 186 N.W.2d 570, 572, 573 (N.D.1971); and *Appeal of Heeren Trucking Co.*, 75 S.D. 329, 64 N.W.2d 292, 293 (1954).

The utility places significance on the use of the word venue in the statute, arguing this demonstrates the legislature was not speaking of jurisdiction at all. We do not agree with this. We believe the statute simply means that when an action is brought in any of the counties as permitted by §17A.19(2) or by §490A.13, which we discuss in Division II, the court may transfer the case to one of the other counties where the action could have properly been brought in the first place.

■ We quote the following from the *Wagner* case, 186 N.W.2d at 572, 573:

"On an appeal from a determination of an administrative agency the district court does not exercise original jurisdiction vested in it by the constitution. It exercises appellate jurisdiction conferred upon it by statute. *Langer v. State*, 75 N.D. 435, 28 N.W.2d 523 (1947); *Petition of Village Board of Wheatland*, 77 N.D. 194, 42 N.W.2d 321 (1950). In order for the district court to acquire jurisdiction of an appeal from an administrative agency, the appeal must be taken to 'the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or part thereof was held.'

\* \* \* \* \* \*

"The foregoing statutes governing administrative agencies provide a tribunal for the review of the decisions of an administrative agency and the jurisdiction conferred is exclusive. For this reason, the general provisions of the statutes and rules relating to venue and jurisdiction have no application. A review of a decision of an administrative agency may be had only upon compliance with the conditions imposed by the Legislature. 2 Am.Jur.2d, Administrative Law, Sec. 716."

We believe this statement from *Wagner* correctly sets out the rule that the general provisions relating to jurisdiction and venue have no application in considering appeals under §17A.19(2).

We agree with the holding of the trial court that §17A.19(2), The Code, prescribes conditions and sets procedures which are jurisdictional and with which the utility must comply before invoking relief from the district court for review of the commission's decision. One of these limitations fixes the counties within which review may be had, which we now discuss.

## II. *Place of Judicial Review*

We consider now the county or counties where the utility could properly ask judicial review. This matter is controlled by §17A.19(2), The Code, which limits such actions to (1) Polk County, (2) the county of petitioner's residence, or (3) the place where petitioner has its principal place of business.

This section is expanded by the provisions of §490A.13 (now §476.13) as follows:
"Judicial review of actions of the commission may be sought in accordance with the terms of the Iowa Administrative Procedure Act. Notwithstanding the terms of said Act, petition for judicial review may be filed in the district court of any county wherein the order of the commission or some part thereof is to take effect."

As the action was not brought in Polk County, we must decide if the other provisions of the statute permit it to be maintained where it was brought—Black Hawk County. This involves, first, a determination of corporate status as to residency.

■ A corporation has no residency in the sense that a natural person does. It is an artificial being, operating through its officers, directors, and agents. The prevailing view is that a corporation's "residency" is where its principal place of business is located. For authority to this effect *see Cannon v. Century Construction Co.*, 252 Iowa 88, 89, 106 N.W.2d 65, 66 (1960), 18 C.J.S. Corporations §176b, p. 583 (1939),

18 Am.Jur.2d Corporations § 160, p. 694 (1965).

 We hold the utility has no residency apart from its principal place of business. Under § 17A.19(2), therefore, the utility could ask for review in only one of two counties—Polk or Woodbury.

However, the utility seeks also to rely on § 490A.13, heretofore set out, which permits the district court in any county where the order appealed from will take effect, either wholly or partially, to entertain an application for judicial review.

 We hold the trial court was correct in finding that no part of this order took effect in Black Hawk County. The order dealt solely with the rates to be charged to Terra for its purchase of natural gas to operate a fertilizer plant in Sioux City. In seeking to come within § 490A.13, the utility appears to argue that any order affecting rates has peripheral effect on the utility's total operations. Obviously this is not what § 490A.13 envisions when it authorizes bringing the action in any county where the order takes effect. The trial court correctly found the order did not take effect in Black Hawk County.

III. In summary we hold the district court exercises appellate jurisdiction in reviewing administrative decisions of the Iowa State Commerce Commission; that § 17A.19(2), The Code, fixes standards which must be met before the court obtains jurisdiction to hear applications for judicial review; and that under this record the trial court correctly ruled it was without jurisdiction to hear the appeal from the commission's order.

AFFIRMED.