**OFFICE OF CONSUMER ADVOCATE, Appellee,**

v.

**IOWA STATE COMMERCE COMMISSION, Appellee,**

and

Interstate Power Company, Appellant.

**INTERSTATE POWER COMPANY, Appellant,**

v.

**IOWA STATE COMMERCE COMMISSION, and Office of Consumer Advocate, Appellees.**

No. 85-496.

Supreme Court of Iowa.

Nov. 13, 1985.

Clement F. Springer, Jr., William D. Carstedt and Leslie Recht of Springer & Carstedt, Chicago, Illinois, for appellant.

James R. Maret and Alexis K. Wodtke, Des Moines, for appellee Office of Consumer Advocate.

Philip E. Stoffregen, General Counsel, and Susan Allender and Diane Munns, Asst. General Counsel, Des Moines, for appellee Commission.

Considered by HARRIS, P.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

This interlocutory appeal concerns the scope of the court's jurisdiction to review a decision of the Iowa State Commerce Commission (commission) when petitions for judicial review have been filed in two different counties. Within the time permitted for seeking judicial review of a commission rate-case decision, petitioner Interstate Power Company (utility) filed a petition for judicial review in Dubuque County district court, and petitioner Office of Consumer Advocate (OCA) filed its petition for judicial review in Polk County district court. The utility contends that its first-filed petition established exclusive venue and jurisdiction in Dubuque County and foreclosed OCA from filing its separate petition for judicial review in Polk County. At issue is the meaning of two Iowa statutes, Iowa Code sections 17A.19(2) and 476.13 (1983). The district court judge appointed to hear the case denied the utility's motion to dismiss OCA's petition for judicial review, holding that those statutes conferred upon the district court jurisdiction to decide issues presented in both petitions. Because we agree with the district court's construction of those statutes, we affirm.

## I. *Background.*

The commission is an administrative agency empowered to regulate rates of public utilities in Iowa, and its proceedings are governed by Iowa Code chapter 17A (the Iowa Administrative Procedure Act) and by Iowa Code chapter 476 (entitled "Public Utility Regulation"). On May 18, 1984, the commission entered a decision and order in the contested-case rate proceeding entitled *In Re Interstate Power Company,* ISCC Docket No. RPU–83–27. The commission's final decision, modified somewhat following rehearing, was entered on June 25, 1984. On that same date, the utility filed a petition for judicial review in Dubuque County, its principal place of business, challenging certain provisions of the commission's decision prescribing the utility's revenue requirements and setting appropriate rates.

On July 23, 1984, OCA filed a petition for judicial review in Polk County challenging other provisions of the commission's decision and order. OCA, created by the Iowa legislature in 1983, has responsibilities which include the duty to "[a]ct as attorney for and represent all consumers generally and the public generally in all proceedings before the Iowa state commerce commission," Iowa Code § 475A.2(2) (1985), and to "[i]nstitute as a party judicial review of any decision of the Iowa state commerce commission, if the consumer advocate deems judicial review to be in the public interest." Iowa Code § 475A.2(3) (1985).

With petitions for judicial review pending both in Dubuque and Polk County, the commission on August 1, 1984, filed in the Dubuque County case a motion for change of venue to Polk County, and the Dubuque County district court transferred to Polk County the proceedings initiated by the utility's petition for judicial review. In accordance with Iowa Code section 602.1212, this court appointed a judge of the Polk County district court to hear and decide the judicial review proceedings.

The utility then filed in Polk County a motion to transfer back to Dubuque County its own petition for judicial review and a motion to dismiss OCA's petition for judicial review, based on its contention that the court was without jurisdiction to decide the issues raised by OCA's petition. The district court concluded that it had jurisdiction to decide issues raised by both petitions and denied both motions. In this interlocutory appeal the utility contends that the Dubuque County district court, where the first petition was filed, was the only court with jurisdiction to undertake judicial review of the commission's decision, while OCA and the commission contend that the Polk County district court correctly determined that it had jurisdiction to decide the issues raised in both parties' petitions for judicial review.

## II. *Construction of Sections 17A.19(2) and 476.13.*

The second paragraph of Iowa Code section 17A.19 describes generally the methods and procedures which govern judicial review of agency action. Subparagraph 17A.19(2) provides in pertinent part:

> Proceedings for judicial review shall be instituted by filing a petition either in Polk county district court or in the district court for the county in which the petitioner resides or has its principal place of business. When a proceeding for judicial review has been commenced, a court may, in the interest of justice, transfer the proceeding to another county where the venue is proper.

That statutory language is qualified by the opening sentence of section 17A.19 which cautions that its provisions govern "[e]xcept as expressly provided otherwise by another statute referring to this chapter by name...."

The specific statute which in this case qualifies section 17A.19(2) is Iowa Code section 476.13, as amended in 1983, which in pertinent part provides:

> (1) Notwithstanding the Iowa administrative procedure act, the district court for Polk county or for the county in which a public utility maintains its principal place of business has exclusive venue for the judicial review under chapter 17A of actions of the commission pursuant to rate-regulatory powers over that public utility.
>
> (2) Upon the filing of a petition for judicial review in an action referred to in subsection 1, the clerk of the district court shall notify the chief justice of the supreme court for purposes of assignment of a district judge under section 602.1212. The judicial review proceeding shall be heard by the district judge appointed by the supreme court under section 602.1212, but in the county of venue under subsection 1.

1983 Iowa Acts ch. 127 § 29(1), (2).

Before addressing the jurisdictional issue on which the parties vigorously dispute the meaning of these statutes, we note that the parties agree on what the quoted statutory language means in two important respects. First, they agree that the statutory identification of places where the petition may be filed is a matter of district court jurisdiction, the power of the court to undertake judicial review, and does not merely describe places where judicial review proceedings can be heard. *See Iowa Public Service Co. v. Iowa State Commerce Commission,* 263 N.W.2d 766, 768–69 (Iowa 1978) (section 17A.19(2) "prescribes conditions and sets procedures which are jurisdictional"). The parties also agree that before any interested person has filed a petition for judicial review of a commission decision, the counties identified in section 476.13 are places where a petition for judicial review can properly be filed to invoke the jurisdiction of the district court.

The parties' disagreement about the meaning of the statutes concerns the effect of the filing of the first petition for judicial review. The utility argues that section 476.13 plainly provides that when the first petition is filed in a county with proper venue, the district court in that county alone has jurisdiction to hear and decide the issues presented, and no petitions thereafter filed in other counties are of force or effect. OCA and the commission argue that the two statutes, when harmonized, permit the filing of petitions for judicial review in any counties where venue and jurisdiction properly lie, and a judge appointed to hear the judicial review proceedings must then determine which county will be the site of the hearing based on application of the "interest of justice" guideline provided by section 17A.19(2).

To answer this question we look to the polestar of all statutory construction—the true intention of the legislature. *Iowa National Industrial Loan Co. v. Iowa State Department of Revenue,* 224 N.W.2d 437, 439–40 (Iowa 1974). The utility contends that the wording of section 476.13 so plainly answers this question that we need not harmonize its meaning with section 17A.19(2) or resort to various canons of statutory construction. The utility isolates

the words "Polk county or" and "exclusive venue" in subsection 476.13(1), and the words "Upon the filing" and "the county of venue under subsection 1" in subsection 476.13(2), then argues that "exclusive venue" is fixed in "the county" where "filing" of a petition first occurs. We are not persuaded by this argument because even the utility's rearrangement of the words it isolates leaves several questions unanswered. Cannot two Iowa counties have "exclusive venue," with the other ninety-seven excluded? Cannot "the county of venue" be determined when a court decides which of two counties is the more appropriate forum? What statutory language so plainly gives overriding significance to a party's act of quickly filing a petition in a particular county and thereby winning what would amount to a race to file in a preferred county? We conclude that the language of section 476.13, standing alone, does not so plainly answer these questions as to leave no room for statutory construction. *See Iowa National Industrial Loan Co.,* 224 N.W.2d at 439–40.

 In construing statutes to determine the intent of the legislature we may properly consider the objects sought to be attained and the circumstances under which the statutes were enacted. *Smith v. Linn County,* 342 N.W.2d 861, 863 (Iowa 1984); Iowa Code § 4.6(1), (2) (1983). When more than one statute is pertinent to the inquiry, we consider all portions of the statutes together in an attempt to harmonize them. *In re Estate of Keegan,* 369 N.W.2d 447, 449–50 (Iowa 1985); *Northwestern Bell Telephone Co. v. Hawkeye State Telephone Co.,* 165 N.W.2d 771, 774–75 (Iowa 1969); Iowa Code § 4.7 (1983).

The legislative history of section 476.13 is instructive. Prior to its amendment in 1983, the statute read:

> Judicial review of actions of the commission may be sought in accordance with the terms of the Iowa administrative procedure Act. Notwithstanding the terms of said Act, petition for judicial review may be filed in the district court of any county wherein the order of the

commission or some part thereof is to take effect.

Iowa Code § 476.13 (1983). In *Iowa Public Service Co.,* 263 N.W.2d at 767–69, we construed together that statutory language and the language of section 17A.19(2), noting that section 476.13 expanded the number of counties where petitions for judicial review could properly be filed to include the district court of any county where some part of a commission order would take effect. We there stated that when an action was brought in any county permitted by those two statutes, "the court may transfer the case to one of the other counties where the action could have properly been brought in the first place." *Id.* at 769.

When the legislature in 1983 amended section 476.13, it sharply reduced the number of places where petitions for judicial review of commission decisions could be brought, leaving as the only counties with venue and jurisdiction in any given case Polk County and the county where the public utility maintains its principal place of business. This amendment was part of a major legislative overhaul of the statutes governing utility ratemaking proceedings. One component of that overhaul was the creation of the Office of Consumer Advocate, headquartered in Polk County, to serve as attorney for consumers and the public in proceedings before the commission. *See* 1983 Iowa Acts ch. 127, §§ 8–14, 46–47 (now Iowa Code ch. 475A (1985)). It appears that the legislature retained Polk County as a county with venue and jurisdiction so the OCA could routinely file its petitions for judicial review in its home county, just as utilities may file petitions for judicial review in their home counties. Nothing in this legislative package, however, suggests that any purpose would be served by scrapping the provision in section 17A.19(2), referred to in the *Iowa Public Service Company* case, for district court determination of the place of hearing based on the "interest of justice" standard. Neither expressly nor by necessary implication does the amended statute suggest that the place of hearing should depend on whether

one party or another is the victor in a race to file a petition in one county courthouse or another. While amended section 476.13 certainly did reduce down to two the number of counties where venue and jurisdiction would be proper, its revised language is still consistent with that part of section 17A.19(2) that grants the district court on judicial review the discretion to select "in the interest of justice" one forum court from between those two counties where jurisdiction and venue are proper.

Our construction of these two statutes effectuates what we perceive was the intention of the legislature to allow petitions for judicial review to be filed with all due deliberation and in places convenient to the utility and OCA. Convenience is accomplished by enabling the primarily interested parties, the utility and OCA, to file petitions for judicial review in the county of their headquarters. Due deliberation preceding filing—time to decide whether to seek review and then time for careful preparation of a judicial review petition—is accomplished because each party contemplating judicial review has a full thirty days from entry of a final commission decision within which to file its petition. *See* Iowa Code § 17A.19(3) (1983). No legitimate objective would be served by reading this statute as a "race" provision rewarding the party who first files a petition, regardless how hastily it had been drafted.

Statutes should be accorded a sensible, practical, workable, and logical construction. *State v. Harrison,* 325 N.W.2d 770, 772 (Iowa Ct.App.1982). We presume that the legislature intended these statutory provisions to accomplish a just and reasonable result. *See* Iowa Code § 4.4(3) (1983). Our construction of these statutes makes sense because it leaves intact the district court's discretion "in the interest of justice," under section 17A.19(2), to select that most convenient county where the judicial review proceedings will be heard. The Polk County district court correctly determined that it had jurisdiction and venue to undertake judicial review of the commission's decision in this rate case.

### III. *The Commission's Motion to Dismiss.*

The commission has challenged our jurisdiction to decide one other issue raised by the utility in this appeal, the question whether the Polk County district court correctly denied the utility's motion to return this case to Dubuque County. The commission contended that the utility did not timely request interlocutory review of that ruling. The utility, however, challenged that ruling solely on the ground that the Dubuque County district court had exclusive jurisdiction to review the commission decision. We have rejected that argument in holding that the Polk County district court had jurisdiction to decide this case. That holding is in essence also an affirmance of the district court's refusal to transfer the case, thereby rendering moot the commission's motion to dismiss that part of this appeal.

AFFIRMED.