Ronda ANDERSON f/k/a Ronda
M. Teslaa, Appellee,

v.

W. HODGEMAN & SONS, INC.,

and

Aetna Casualty & Surety Company,
Appellants.

No. 93–1065.

Supreme Court of Iowa.

Nov. 23, 1994.

John D. Ackerman of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for appellants.

Ned A. Stockdale of Fitzgibbons Brothers, Estherville, for appellee.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Ronda Anderson, appellee, a nonresident of Iowa, filed her petition for judicial review in Lyon County. W. Hodgeman & Sons, Inc. (Hodgeman) and Aetna Casualty & Surety Company (Aetna) moved to dismiss her petition, claiming that only the Polk County district court had jurisdiction. Rather than dismissing the case, the district court transferred it to Polk County. We think the district court had no power to transfer an improperly filed administrative appeal. Therefore, we reverse.

I. *Background Facts and Proceedings.*

Anderson was injured in an automobile accident in the course of her employment with Hodgeman. The accident occurred in Lyon County. Aetna, as Hodgeman's workers' compensation carrier, provided Anderson with treatment for her injuries, but she received no weekly benefits.

Anderson filed a petition with the industrial commissioner more than two years after the accident. Hodgeman and Aetna (hereinafter referred to jointly as Hodgeman) alleged the statute of limitations as an affirmative defense in their answer. *See* Iowa Code § 85.26(1) (1991) (an original proceeding for benefits must be commenced within two years from the date of injury or within three years from the last payment of weekly compensation benefits).

Hodgeman's motion for summary judgment based on its limitations defense was granted by the deputy industrial commissioner. The industrial commissioner adopted the deputy's ruling as the final agency decision. Neither the deputy nor the commissioner held a hearing on Hodgeman's motion.

Anderson filed a petition for judicial review in Lyon County. Hodgeman filed a motion to change venue, claiming that Lyon County was not the proper county for judicial review. At the hearing on its motion, Hodgeman orally moved to dismiss Anderson's petition on the ground that the Lyon County district court did not have power to transfer the case.

The district court ruled that Lyon County was not the proper venue for Anderson's administrative appeal. The court refused to dismiss the case, however, and instead transferred it to Polk County. Hodgeman was granted permission to take an interlocutory appeal. *See* Iowa R.App.P. 2(a). Our scope of review is to correct errors of law made by the district court. Iowa Code § 17A.19(8) (1991).

On appeal, Hodgeman claims that the district court had no power to transfer the case and should have dismissed it. Anderson seeks to uphold the district court's refusal to dismiss the case on two grounds. First she claims that Lyon County was the appropriate county in which to file her petition for judicial review. Second she argues that if Lyon

County was not the proper county, the Lyon County district court still had the power to transfer the case to the appropriate county.

We conclude that Anderson's petition for judicial review could not be filed in Lyon County. Because we believe the Lyon County district court did not have jurisdiction to hear Anderson's administrative appeal, we also conclude that the district court did not have the power to transfer Anderson's case to a county where it could have been properly filed.

## II. *Proper County for Judicial Review.*

Iowa's administrative procedure act, Iowa Code chapter 17A, applies to judicial review of decisions of the industrial commissioner. Iowa Code § 86.26 (1991). Chapter 17A requires petitions for judicial review to be filed "either in Polk County district court or in the district court for the county in which the petitioner resides...." *Id.* § 17A.19(2). Iowa's workers' compensation act supplements section 17A.19(2) by allowing workers' compensation appeals to be filed "in the district court of the county in which the hearing under section 86.17 was held." *Id.* § 86.26. Section 86.17 provides for hearings in workers' compensation cases "in the judicial district where the injury occurred." *Id.* § 86.17(2).

Under this statutory framework, Anderson theoretically had three counties in which to petition for judicial review: (1) Polk County; (2) the county in which she resided; and (3) the county in which the hearing was held. At the time Anderson filed her petition for judicial review, she lived in Minnesota, so option two was not available to her.

Option three was also not available for similar reasons. There was no county in which the hearing was held because no hearing was held in Anderson's workers' compensation case. Anderson argues, however, that we should interpret section 86.26 as allowing judicial review in the county where the injury occurred because that county would be one of several proper locations for a hearing. *See*

Iowa Code § 86.17(2) (1991) (permitting hearing in judicial district where injury occurred). But section 86.26 focuses on the location of the hearing, not the location of the injury.

The importance of this distinction is highlighted by the legislative history of section 86.26. Prior to the adoption of the current version of the statute in 1970, section 86.26 allowed judicial review in the county "in which the injury occurred." Iowa Code § 86.26 (1966). This language was replaced in 1970 with the phrase "in which the hearing under section 86.17 was held." 1970 Iowa Acts ch. 1051, § 22. One rule of statutory construction is that "an amendment intended some change in existing law." *Mallory v. Paradise*, 173 N.W.2d 264, 267 (Iowa 1969). To interpret section 86.26 in its current form as allowing an administrative appeal in the county where the injury occurred, even though no hearing was held in that county, would ignore the amendment enacted in 1970. Therefore, we cannot interpret the statute in this manner.

We conclude there was only one county where Anderson could petition for judicial review and that county was Polk County. The district court was correct in so ruling.

## III. *Transfer or Dismissal.*

Hodgeman claims that Anderson's petition should have been dismissed because the Lyon County district court did not have the power to transfer the case. Anderson argues that the court could transfer the case pursuant to Iowa Code section 17A.19(2) and Iowa Rule of Civil Procedure 175(a).

The resolution of this issue rests on the nature of the case before the district court. Historically, we have distinguished cases involving a district court's appellate jurisdiction from those invoking its original jurisdiction. Where a party attempts to invoke the district court's appellate jurisdiction, compliance with statutory conditions is required for the court to acquire jurisdiction.[1] *Bogue v. Ames Civil Serv. Comm'n,*

---

1. We have noted that "judicial review of administrative agency action is not truly an appeal. The review is only appellate in nature." *Western Int'l v. Kirkpatrick*, 396 N.W.2d 359, 363–64

368 N.W.2d 111, 113 (Iowa 1985); *Iowa Public Serv. Co. v. Iowa State Commerce Comm'n,* 263 N.W.2d 766, 769 (Iowa 1978).

 Thus, when judicial review is sought, the party seeking review must file his or her petition in the county allowed by statute. Failure to do so means the district court does not have jurisdiction of the administrative appeal.[2] *Iowa Public Serv. Co.,* 263 N.W.2d at 769; *Minnesota Valley Canning Co. v. Rehnblom,* 242 Iowa 1112, 1116–17, 49 N.W.2d 553, 554 (1951) (place for judicial review is question of jurisdiction).

We have treated compliance with other procedural requirements for administrative appeals as jurisdictional also. *E.g., Wade Farms, Inc. v. City of Weldon,* 419 N.W.2d 718 (Iowa 1988) (service of notice requirement is jurisdictional); *Price v. Fred Carlson Co.,* 254 Iowa 296, 302–03, 117 N.W.2d 439, 442 (1962) (where workers' compensation claimant failed to perfect his appeal within time prescribed by statute, district court had no jurisdiction to consider the appeal). We have recently reaffirmed that compliance with statutory procedures for appeals to our court is jurisdictional. *Milks v. Oto–Head & Neck Specialists, P.C.,* 519 N.W.2d 801, 803 (Iowa 1994).

 With this background in mind, we turn to the statute upon which Anderson relies to support the district court's transfer of her case. Section 17A.19(2) provides:

When a proceeding for judicial review has been commenced, a court may, in the interest of justice, transfer the proceeding to another county where the venue is proper.

Iowa Code § 17A.19(2) (1991). In *Iowa Public Service Co.,* we held that section 17A.19(2) simply means that when an appeal is filed in one of the counties permitted by statute, the court may transfer the case to another county where the action could properly have been filed. *Iowa Public Serv. Co.,* 263 N.W.2d at 769. This interpretation of the statute is consistent with our case law discussed above that only the district court of the county where an administrative appeal may be filed has the power to hear the case. Here the Lyon County district court was not one of the courts permitted by statute to hear Anderson's petition for judicial review. Therefore, the Lyon County district court did not have the power to transfer Anderson's case to Polk County under section 17A.19(2).

 Anderson also relies on Iowa Rule of Civil Procedure 175(a). Rule 175(a) allows a court to transfer a case filed in the wrong county to a county where venue is proper. However, we have held that general rules governing venue of original actions have no application to administrative appeals. *Iowa Public Serv. Co.,* 263 N.W.2d at 769; *Minnesota Valley Canning Co.,* 242 Iowa at 1116–17, 49 N.W.2d at 554 (venue refers to place where case is to be originally tried; therefore, rules relating to change of venue are not applicable to appeal in workers' compensation case); *cf. Wade Farms, Inc.,* 419 N.W.2d at 722–23 (rules of civil procedure relating to commencement of an action do not apply to condemnation appeals); Iowa Code § 611.13 (1991) (statutory provisions for civil actions only apply to special proceedings "not otherwise regulated").[3] Conse-

2. In *State v. Mandicino,* 509 N.W.2d 481, 482 (Iowa 1993), and *Christie v. Rolscreen Co.,* 448 N.W.2d 447, 450–51 (Iowa 1989), we distinguished between a court's subject matter juris-

(Iowa 1986). Whether we refer to judicial review of agency action as "an appeal" or "appellate in nature" does not affect the basic principle we apply here that compliance with statutory conditions and procedures are required to invoke the district court's jurisdiction to hear an administrative appeal. Judicial review of administrative agency action is a special proceeding. *Cf. Richard v. Holliday,* 261 Iowa 181, 188, 153 N.W.2d 473, 477 (1967). *See* Iowa Code § 611.2 (1991). It is in all respects dependent upon the statutes which authorize its pursuit.

diction and its authority to hear a particular case. *See also City of Des Moines v. Des Moines Police Bargaining Unit Ass'n,* 360 N.W.2d 729, 730 (Iowa 1985). This distinction does not assist Anderson here because, unlike the *Mandicino* and *Rolscreen* cases, this case concerns an administrative appeal. In administrative appeals compliance with the statutory prerequisites for judicial review is required for the district court to obtain *jurisdiction.*

3. In *Board of Directors v. Banke,* 474 N.W.2d 558, 561 (Iowa 1991), we applied general venue rules to a school board's appeal from the decision of an adjudicator. To the extent that holding conflicts with our decision today, *Banke* is no longer controlling.

quently, rule 175(a) did not give the district court the power to transfer the case to Polk County.

The district court erred in transferring this case. We reverse and remand to the district court with directions to grant the appellants' motion to dismiss.

**REVERSED AND REMANDED.**

All Justices concur except NEUMAN and ANDREASEN, JJ., who concur specially.

NEUMAN, Justice (concurring specially).

I agree that the result reached by the majority is compelled by precedent, notably *Iowa Public Service Co. v. Iowa State Commerce Commission*, 263 N.W.2d 766, 769 (Iowa 1978), and *Minnesota Valley Canning Co. v. Rehnblom*, 242 Iowa 1112, 1116–17, 49 N.W.2d 553, 554 (1951). But to the extent that the opinion extends its reach beyond chapter 17A judicial review proceedings, I am reluctant to join it.

The important interest of adjudicating cases on their merits, rather than dismissing them on technicalities, is not served by equating venue and jurisdiction. As one court has wisely noted, the distinction is designed to facilitate transfer to the proper court where a plaintiff makes "an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Ko–Am Enter. v. Davis*, 657 P.2d 399, 400 (Alaska 1983) (quoting *Goldlawr v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39, 42 (1962)). The soundness of this reasoning seems to me equally applicable whether a case is being filed as an original action or is appellate in nature. In either case, if the procedural hurdle presupposes an infirmity in venue, rather than jurisdiction, transfer—not dismissal—should be the favored remedy. *See Banke*, 474 N.W.2d at 561–62.

ANDREASEN, J., joins this special concurrence.