Donald LEU,
Plaintiff–Appellant/Cross–Appellee,

v.

NEWTON COMMUNITY SCHOOL DIS-
TRICT, Defendant–Appellee/
Cross–Appellant.

Barbara WESSON,
Plaintiff–Appellee/Cross–Appellant,

v.

NEWTON COMMUNITY SCHOOL DIS-
TRICT, Defendant–Appellant/
Cross–Appellee.

Gregory WESSON,
Plaintiff–Appellant/Cross–Appellee,

v.

NEWTON COMMUNITY SCHOOL DIS-
TRICT, Defendant–Appellee/
Cross–Appellant.

No. 88–300.

Court of Appeals of Iowa.

March 16, 1989.

Dennis F. Chalupa of Brierly, McCall, Girdner, Chalupa, McCall & Otto, Newton, for plaintiffs.

Edgar H. Bittle and Ronald Peeler of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, Des Moines, for defendant.

Heard by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

Plaintiff school teachers sought judicial review of a decision of an adjudicator which supported the decision of the defendant school district to terminate plaintiffs' contracts. The district court affirmed as to Donald Leu and Gregory Wesson, but reversed as to Barbara Wesson. Donald and Gregory appealed, claiming the district court erred in: 1) upholding the adjudicator's decision on the basis of staff reduction due to declining enrollment; and 2) finding that the termination procedure followed by the superintendent was not in violation of the negotiated contract. The school district cross-appealed on the grounds that: 1) the court erred in finding there was not sufficient evidence of legitimate budgetary concerns; 2) a decline in student enrollment was just cause for terminating plaintiffs; and 3) this court lacks jurisdiction because the teachers failed to follow statutory appeal procedures. The school district appealed the district court decision for Barbara, raising the same issues as in its cross-appeal for Donald and Gregory. Barbara cross-appealed, claiming that the court erred in not holding as a further ground for reinstatement that the staff reduction was in violation of the negotiated contract.

The contracts for plaintiff teachers with defendant Newton Community School District were terminated after the 1986–87 school year. The teachers were told that the district budget and enrollments were insufficient to retain the present level of staffing. Donald Leu was an industrial arts teacher. Barbara Wesson was a school nurse. Gregory Wesson taught vocational agriculture. A hearing was held before the school board, and the board found there was just cause for the termination of the contracts.

The teachers appealed the adjudicator's decision to the district court. The court found the budget shortfall was caused primarily from delayed payments to the school district and did not justify the terminations. The court determined that declining enrollment in their areas justified the termination of Donald and Gregory. However, the decline of 140 students since her start date did not justify the termination of Barbara. The court reversed the adjudicator's decision as to Barbara and directed the school district to reinstate her. The court affirmed as to Donald and Gregory. All the parties filed appeals from the

ruling of the district court, and all parties cross-appealed.

I.  As an initial matter, we must determine whether we have jurisdiction over these appeals.  The school district asserts we lack jurisdiction because the teachers failed to comply with two of the statutory appeal procedures.  First, they claim the district court erred in overruling the motion to dismiss based upon the teachers' failure to file a petition.

■  We agree where a right of review is statutory, the procedure prescribed must be followed.  *Kerr v. Iowa Pub. Serv. Co.,* 274 N.W.2d 283, 286 (Iowa 1979).  However, we do not find that a petition is required to start the appeal process.  Iowa Code section 279.18 (1987) does not require a petition.  The district points to the following sentence: "The adjudicator *shall* transmit to the reviewing court the original or a certified copy of the entire record which *may* be the subject of the petition."  *Id.* We disagree that this sentence changes the notice of appeal requirement of Iowa Rule of Appellate Procedure 6.  No petition is required to start the appeal.

■  The second jurisdictional argument is based on the teachers' failure to pay the adjudicator's fee so that the record could be transmitted to the district court.  Nothing in Iowa Code Chapter 279 requires payment of the adjudicator's cost to preserve the right of appeal.  The parties agree that the costs are to be born equally.  Iowa Code § 279.17.  Judgment was entered against the teachers for their share.  However, it would be an undue burden to require laid-off teachers to pay these costs to satisfy appellate procedures.  We find this matter to be properly before this court and will be decided on the merits.

II.  Our scope of review is limited by Iowa Code section 279.18.  We review the case at law for the correction of errors under the seven standards set out in this statute.  *Board of Educ. of Fort Madison Community School Dist. v. Youel,* 282 N.W.2d 677, 680 (Iowa 1979).  The district court is limited to the record made before the board.  *Id.* at 679.  We review this record, giving weight to the fact findings

of the board, especially when considering the credibility of the witnesses.  *See* Iowa Code § 279.18.

■  We do not judge the wisdom of the Board's action, nor can we force the Board to adopt a policy which we may think is preferable.  We, like the district court, must leave policy decisions up to the Board, subject to a teacher's constitutional, statutory, and contractual rights.  *Olds v. Board of Educ. of Nashua Community School Dist.,* 334 N.W.2d 765, 771 (Iowa App.1983).

■  We will first consider the claims of Greg Wesson and Donald Leu.  They claim the district court erred in upholding the adjudicator's decision on the basis of staff reduction due to declining enrollment.  Greg and Don assert the superintendent failed to prove by a preponderance of the evidence an acceptable ground for termination.

■  The superintendent, in a teacher termination case, has the burden to establish the case against the teachers in the first place.  After that, the teacher-appellant must demonstrate the error.  *Youel,* 282 N.W.2d at 680.  Therefore, we must determine whether the Board's action is supported by a preponderance of the competent evidence in the record made before the Board when the record is viewed as a whole.  Iowa Code § 279.18(6).

Greg and Don both received a Notice and Recommendation to Terminate Contract pursuant to Iowa Code section 279.15.  The reason given for both men was, "District budget and enrollments are insufficient to retain the present level of staffing."

After reviewing the evidence, the district court found that the superintendent had not supported the notice of termination by a preponderance of the evidence based upon a generally declining enrollment or general budgeting concerns.  The district court properly gave weight to the Board's findings of fact, but found that when the record is viewed as a whole, "just cause" by reason of the shortfall in the budget and a steady declining student enrollment was

not established. The trial court correctly relied on one of the seven grounds for review. Iowa Code § 279.18(6). We agree with this result. Therefore, we find no error in this conclusion.

The district court went on to say the testimony did show a decline of student enrollment in specific areas. The declining student enrollment in industrial arts justified the termination of an industrial arts teacher. Similarly, the termination of a one-half time vocational agricultural teacher was supported by the evidence. The record supports the decision of the Board and adjudicator to terminate Don and Greg.

The record shows a decline in overall student enrollment over time. However, a more dramatic decline has been experienced within industrial arts. From the 1983–84 school year to 1987–88, there has been a 36% decline in student/teacher contact periods. The estimated staffing needs of 1987–88 were five point eight teachers; however, eight teachers were on staff. We agree with the district court that these figures represent a preponderance of the evidence supporting termination of at least one industrial arts teacher.

In the vocational agriculture curriculum area, the number of students in the program has also declined. In 1980–81, 83 students were enrolled in the program. Thirty-five students were registered for the 1987–88 program. Clearly, thirty-five students split into two periods justifies no more than one-half time teacher. There is sufficient evidence to support termination based on the curriculum area.

■ III. Given these findings, Don and Greg argue that they were not adequately noticed because they were not told their termination was based on declining enrollments within their curriculum areas. We find they were adequately notified of the grounds for termination.

Iowa Code section 279.15 provides in part:

2. * * *

The notification and recommendation to terminate shall contain a *short and plain statement* of the reasons, which shall be for just cause, why the recommendation is being made.

The reason given by the superintendent was sufficient to put the parties on notice of the grounds for termination. Although not specifically mentioned, the contract specifically provides for lay-offs within curriculum areas. Appellants should not have been surprised by the use of these specific numbers and they have not shown how they were mislead or suffered as a result of the superintendent's statement. We find the notices were adequate for Don and Greg.

■ IV. Having justified the reduction in staff and the adequacy of the notice, we next must decide whether the correct teachers were terminated according to the terms of the contract. Don and Greg claim that the superintendent failed to follow the criteria as listed in numerical order in the contract. Specifically, they argue that the superintendent did not consider for termination teachers with less seniority or with temporary or emergency certification.

The contract provides in pertinent part:

A. Reduction through layoff procedures shall be accomplished through the following categories in the *numerical* order listed: (emphasis added)

1. Attrition.

2. Employees with emergency or temporary certification.

3. Employees with two (2) or less years of seniority in Newton. Employees in this category shall be laid off within the following curriculum areas:

a. The special areas of grade K–6: Special Education, Vocal Music, Instrumental Music, Art, Physical Education, Library and Media, and Federal Programs

b. All other areas of grades K–6

c. The grades 7–12, within curriculum areas: Curriculum area are defined as Science, Language Arts, Social Studies, Home Economics, Vocational Education, Language, Instrumental Music, Mathematics, Business Education, Vocal Music, Art, Guidance, Physical Education, Driver's Education, Special

Education, Industrial Arts, Library and Media, and Federal Programs.

4. Employees with more than two (2) years of seniority in Newton. Layoffs in this article shall be made according to the following procedures, within curriculum areas as set forth in 3a, 3b, and 3c.

a. Seniority shall be the controlling factor a majority of the time; however, consideration of program continuity and qualifications and ability to perform the work required may override in some circumstances. Qualifications and ability to perform work shall be determined by one or more of the following criteria:

1. Total professional experience in the subject area

2. Qualifications for other existing programs as determined by certification, training, or experience

3. Training, either formal or practical

4. Professional experience in Newton

5. Professional experience in other school systems

6. Evaluations

b. In the event a tie in seniority exists, it shall be the sole, exclusive, and final judgment of the Superintendent as to which employee shall be laid off.

Gregory Wesson was the least senior employee in his curriculum area. Donald Leu and one other teacher, Mr. Herrema, were the least senior in their area. However, Mr. Herrema was approved to teach other viable course offerings. Don was not. The superintendent was fully justified in choosing to lay off Don instead of Mr. Herrema.

No evidence was presented that a teacher with less seniority or on temporary or emergency certification could have been laid off. Don and Greg carry the burden to show error on this issue. *Wilson v. Des Moines Indep. Community School Dist.,* 389 N.W.2d 681, 684 (Iowa App.1986). Therefore, we find no merit in appellants' argument that the decision was in violation of the terms of the contract.

In conclusion, we find the district court properly affirmed the termination of Gregory Wesson and Donald Leu. We must now consider the case of Barbara Wesson. Barb's termination notice contained the same reasons as the other two teachers: District budget and enrollments are insufficient to retain the present level of staffing.

■ V. The district court found that the Board did not properly terminate Barbara's contract. The court agreed with the adjudication that the specific decline in enrollment of 140 students within the total system did not justify her termination.

Newton School District contends the district court erred in determining that the necessity of staff reduction based upon legitimate budgetary concerns was not supported by a preponderance of the evidence. Barb argues that legitimate personnel and budgetary requirements did not exist and were not supported by a preponderance of the evidence.

We already determined the district court ruled properly that general budgetary requirements did not establish just cause by a preponderance of the evidence in this case. Therefore, we are left with the issue of declining student enrollment.

Barb was hired for the 1983–84 school year. At that time there were 3,803 students served by three nurses. Enrollment dropped to 3,664 the following year and was at 3,663 at the time of her termination. In total, there were 140 students less than when Barb was hired.

We agree with the district court that a 4% decline in students does not justify a 33.3% reduction in staff. The school district did not meet its burden to show how Barb's termination was supported by a preponderance of the evidence nor that the district court erred in reaching its decision. The decision reinstating Barb is affirmed.

AFFIRMED.

HAYDEN, J., concurs.

OXBERGER, C.J., concurs in part and dissents in part.

OXBERGER, Chief Judge. (concurring in part and dissenting in part).

I concur with the majority that the superintendent had established the need to reduce staff. I disagree with the majority's statement:

No evidence was presented that a teacher with less seniority or on temporary or emergency certification could have been laid off.

The superintendent testified as follows:

Q. And before sending Mr. Leu his termination notice did you determine how many employees were in the district with two years or less of seniority in Newton? A. We are aware of that. We were aware that we have some teachers with two years or less seniority.

Q. Did you give them notice first? A. No.

Q. And I assume you didn't consider doing that in lieu of—pardon the word— instead of giving Mr. Leu's notice? A. There was no reason to. It would not have had any effect on the problem we were attempting to resolve.

Q. So you did not? A. No.

The contract provides:

A. Reduction through layoff procedures shall be accomplished through the following categories in the numerical order listed:

1. Attrition.
2. Employees with emergency or temporary certification.
3. Employees with two (2) or less years of seniority....
4. Employees with two (2) or more years of seniority....

The parties are bound by the terms of the contract. *Ar–We–Va Community School Dist. v. Long*, 292 N.W.2d 402 (Iowa 1980). I would remand to the trial court for a hearing on the issue of the applicability of Article VII, A 3 of the Agreement, on both Donald Leu's and Gregory Wesson's cases.