**BOARD OF DIRECTORS OF THE STARMONT COMMUNITY SCHOOL DISTRICT, Appellant,**

v.

**Henry BANKE, Appellee.**

**No. 90–325.**

Supreme Court of Iowa.

Sept. 18, 1991.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Iowa Code section 279.18 (1989) governs appeals to the district court from decisions made by adjudicators in teacher termination cases. This controversy concerns preliminary rulings by the district court which ultimately resulted in dismissal of the action on jurisdictional grounds. We reverse and remand for further hearing on the merits.

I. *Background.* Henry Banke was employed as an elementary teacher by the Starmont Community School District (Starmont) from 1978 to 1988. After a number of unfavorable performance reviews, he was given notice that his teaching contract was terminated. Banke requested a hearing before the district's board of directors. The board determined that Banke had been terminated for just cause. *See* Iowa Code § 279.15(2) (setting standard of "just cause" for termination). Pursuant to section 279.17, Banke appealed the decision to an adjudicator. The adjudicator found insufficient cause for termination and ordered Banke's reinstatement with back pay.

Starmont promptly filed a petition for judicial review with the Iowa District Court for Clayton County. *See* Iowa Code § 279.-18.[1] Banke made no response and, fifty-four days later, Starmont sought and received judgment by default. Banke later successfully moved to set aside the default. The district court thereafter sustained Banke's motion to dismiss, ruling that Iowa Code section 279.18 requires the school board to file its appeal in the county in which the district's administrative office is located. Because the court believed that Starmont's administrative offices were located in Fayette County rather than Clayton County, the court held it lacked author-

Brian L. Gruhn and Alan Uetz of the Gruhn Law Firm, Cedar Rapids, for appellant.

Becky S. Knutson of Sayre & Gribble, P.C., Des Moines, for appellee.

1. This statute provides, in pertinent part, that [i]f either party rejects the adjudicator's decision, the rejecting party shall, within thirty days of the initial filing of such decision, appeal to the district court of the county in which the administrative office of the school district is located. Iowa Code § 279.18.

ity to hear the case notwithstanding its apparent subject matter jurisdiction.

On appeal, Starmont challenges the court's ruling on the default judgment, its decision regarding jurisdiction, and the sufficiency of the adjudicator's findings supporting reinstatement. Banke cross-appeals the adjudicator's factual finding that the parties agreed to a continuance of the original hearing before the board. Given the procedural posture of the case, only the appellant's default judgment and jurisdictional issues concern us. The remaining issues on appeal and cross-appeal concern matters not yet decided by the district court on the merits.

Our review is for the correction of errors at law. *Board of Educ. of Fort Madison Community School Dist. v. Youel*, 282 N.W.2d 677, 679 (Iowa 1979).

■ II. *Default judgment.* We begin with Starmont's claim that the district court erred by setting aside the default judgment against Banke. Such decisions customarily rest within the sound discretion of the trial court. *Cogley v. Hy-Vee Food Stores, Inc.*, 257 Iowa 1381, 1385, 137 N.W.2d 310, 312 (1965). Here the district court found "good cause" to set aside its earlier order. For the reasons that follow we are persuaded that decision was a sound one.

The propriety of setting aside the default judgment depends on whether it was properly granted in the first place. This determination, in turn, depends on what time limits, if any, are applicable to chapter 279 appeals to the district court. The fighting issue is whether Banke was required to file an answer and, if so, when he was required to do so.

Default judgments are generally governed by rule 230 of the Iowa Rules of Civil Procedure. The rule states that a party is in default "whenever that party: (a) fails to serve, and ... file, a motion or answer as required in R.C.P. 53 or 54...." Iowa R.Civ.P. 230. Although rule 53 dictates a standard time limit of twenty days for answer from the filing of a petition, the rule also states that if a specific statutory scheme provides a different time for filing an answer, that statute controls. Iowa R.Civ.P. 53.

The parties before us agree that rule 53's twenty-day time limit is inapplicable to a proceeding brought under section 279.18, but they are at odds over the correct alternative. Starmont contends the action is subject to the Iowa Administrative Procedure Act, and insists an answer must be filed within forty-five days of the petition. *See* Iowa Code § 17A.19(2). Banke, on the other hand, asserts that chapter 279, rather than chapter 17A, controls the controversy. Since chapter 279, unlike chapter 17A, provides no time limit for answering a petition for judicial review, Banke argues it was not improper for him to wait fifty-four days before responding.

■ We find more logic in Banke's argument. Judicial review of an adjudicator's decision under chapter 279 clearly falls outside the scope of chapter 17A. By its terms, chapter 17A applies only to "agency action." Iowa Code § 17A.1(2). "Agency" is defined as "each board, commission, department, officer or other administrative office or unit *of the state.*" Iowa Code § 17A.2(1) (emphasis added). Even if an entity (like a school board) is organized pursuant to state law, if it has "limited geographical jurisdiction, its members are locally selected, and it makes its own rules," it is a local agency not subject to chapter 17A. *Benson v. Fort Dodge Police Pension Bd.*, 312 N.W.2d 548, 550 (Iowa 1981). *See also Graham v. Baker*, 447 N.W.2d 397, 399 (Iowa 1989) (nonprofit farm mediation organization initiated pursuant to state law not an "agency"); *Bogue v. Ames Civil Serv. Comm'n*, 368 N.W.2d 111, 114 (Iowa 1985) (chapter 17A "governs only actions of state agencies, not the actions of local boards"). Following the *Benson* function test, we believe school boards organized pursuant to Iowa Code chapter 274 are local boards, not state agencies. Consequently, the forty-five day time limit in section 17A.19(2) is inapplicable.

We next look to section 279.18 to determine what, if any, filing requirements it

contains. Our court of appeals recently concluded that, by its terms, section 279.18 does not require the filing of a petition to initiate an appeal. *Leu v. Newton Community School Dist.*, 441 N.W.2d 408, 410 (Iowa App.1989). The statute merely requires that a notice of appeal be filed with the court.

■ In keeping with the reasoning of *Leu*, we hold that the nonappealing party is likewise not required to file a formal answer. We reach this conclusion mindful of the fact that some judicial review proceedings do follow the petition-answer model. *See, e.g.*, Iowa Code § 472.2 (judicial review of eminent domain awards); § 422.29 (judicial review of decisions of director of revenue and finance). Many other administrative proceedings, however, have review provisions similar to chapter 279 and do not require the formality of a petition *and* answer. *See, e.g.*, Iowa Code § 400.27 (appeals of disciplinary actions of civil servants); § 341A.12 (appeals of disciplinary actions of deputy county sheriffs); § 441.38 (appeals of property value assessments); § 414.15 (appeals of zoning decisions of local boards of adjustment). Until the district court establishes a briefing schedule or makes some other demand of the nonappealing party, a party is under no obligation to file an answer or otherwise respond to the notice of appeal or petition for judicial review.

Given this statutory scheme, the district court had no authority to enter the default judgment against Banke for failure to answer the school board's petition. Thus it correctly remedied its error by sustaining Banke's motion to set aside the default. *See Pedersen v. Thorn*, 258 Iowa 250, 253–54, 137 N.W.2d 588, 590 (1965) (when default judgment is illegally entered, district court has duty to set it aside). Accordingly, we affirm the district court on this issue and turn next to Banke's motion to dismiss.

■ III. *Motion to dismiss.* Starmont also contends the district court erred in sustaining Banke's motion to dismiss. The motion was premised on the board's alleged failure to file its appeal in "the district court of the county in which the adminis-

trative office of the school district is located." Iowa Code § 279.18. The parties factually disputed the location of the office. The board urged the court to rest its decision on proof of the district's official mailing address at the Starmont Community School in Clayton County; Banke advocated for the office of superintendent and secretary at the Starmont High School in Fayette County. The district court found Banke's evidence more persuasive, and then dismissed Starmont's appeal altogether, reasoning that the filing requirements of section 279.18 deprived it of jurisdiction to entertain the appeal.

The district court thought that its decision was controlled by *Christie v. Rolscreen Co.*, 448 N.W.2d 447 (Iowa 1989). *Christie* involved a question of district court jurisdiction over appeals from civil rights cases under Iowa Code chapter 601A. There we noted that the Civil Rights Act grants the court subject matter jurisdiction over appeals of such cases in general, but provides additional procedures which the parties must follow to give the court authority to hear their particular case. *Id.* at 450–51; *see* Iowa Code §§ 601A.2(1) and 601A.17 (appeal must be filed in judicial district "in which the alleged unfair or discriminatory practice occurred"). We also noted, however, that the statute contained a special venue provision that requires the action to be filed in the *county* within the judicial district where the respondent resides or does business, or where the alleged discriminatory practice occurs. *Id.* at 451; *see* Iowa Code § 601A.16(4).

Of importance to the present case is the distinction we drew in *Christie* between jurisdiction (or authority to hear the case) and venue. As a general rule, venue designates "[t]he particular county . . . in which a court with jurisdiction may hear and determine a case." Black's Law Dictionary 1396 (5th ed.1979). A statutory venue provision is subject to Iowa Rule of Civil Procedure 175. *Christie*, 448 N.W.2d at 451. The rule provides that any infirmity in venue is waived unless, prior to answer, the defendant moves to transfer the case to the

proper county. *Id.;* *see* Iowa R.Civ.P. 175(a).

In *Christie,* the plaintiff not only filed his action in the wrong county, the county in which he filed it was not within the prescribed judicial district to adjudicate the claim. Thus the court was without authority to hear the case, not because of a defect in venue, but because of failure of jurisdiction. *Christie,* 448 N.W.2d at 451.

The case before us is quite different. The school board clearly met the jurisdictional prerequisite of filing its appeal in the proper judicial district. Its misstep, if any, was in choosing the wrong county within the judicial district. The resultant controversy, however, presupposes a question of venue, not jurisdiction.

We conclude the district court had no legal basis upon which to dismiss the case for lack of jurisdiction. *See New Hampshire Fire Ins. Co. v. Utterback,* 184 Iowa 661, 663–64, 169 N.W. 46, 47 (1918) (change of venue, not dismissal, proper remedy when petition filed in wrong county). In keeping with rule 175, the case should have proceeded in Clayton County unless and until transferred in response to a timely motion for change of venue.

Accordingly, we reverse the dismissal by the district court and remand this case for further proceedings not inconsistent with this opinion.

REVERSED ON APPEAL AND REMANDED ON APPEAL AND CROSS–APPEAL.