# IN THE COURT OF APPEALS OF IOWA

No. 20-0858
Filed August 4, 2021

**ADAM MICHAEL REES,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Grundy County, Bradley J. Harris,

Judge.

Adam Rees appeals the dismissal of his postconviction-relief application.

**REVERSED AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee State.

Considered by Bower, C.J., Mullins, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DANILSON, Senior Judge.**

Adam Michael Rees filed for postconviction relief in Grundy County, arguing the Iowa Department of Corrections (IDOC) incorrectly credited his time in jail. The court determined venue was inappropriate and dismissed Rees's complaint. Rees appeals, claiming the court erred in dismissing for improper venue. We reverse and remand for further proceedings.

## I.      Facts and Background

Rees filed an application for postconviction relief in Grundy County, the county where he was convicted of several criminal offenses. His application was filed pro se, and he complained he has not been given proper credit toward his sentences for time served in jail. Ultimately, Rees's application was dismissed by the district court for failure to file the application in the proper county.

## II.      Standard of Review

We review postconviction proceedings, including summary dismissals of applications for postconviction relief, for legal errors. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). Venue is a legal issue. *In re Marriage of Engler*, 532 N.W.2d 747, 748 (Iowa 1995).

## III.      Discussion

The district court did not elaborate on the reasons for concluding venue was improper or why dismissal was the proper remedy in this case. Generally, the remedy in cases of defective venue is to transfer to a proper forum. Iowa R. Civ. P. 1.808(1); *see Bd. of Dirs. of Starmont Cmty. Sch. Dist. v. Banke*, 474 N.W.2d 558, 562 (Iowa 1991).

The IDOC calculates credit for time served according to the mandates in Iowa Code section 903A.5(1) (2020), which states in relevant part:

> If an inmate was confined to a county jail, municipal holding facility, or other correctional or mental facility at any time prior to sentencing, or after sentencing but prior to the case having been decided on appeal, because of failure to furnish bail or because of being charged with a nonbailable offense, the inmate shall be given credit for the days already served upon the term of the sentence.

The State contends Rees's application challenges the IDOC's application of section 903A.5(1). The State acknowledges Rees was authorized to file an application for postconviction relief under section 822.2(1) which states,

> 1. Any person who has been convicted of, or sentenced for, a public offense and who claims any of the following may institute, without paying a filing fee, a proceeding under this chapter to secure relief:
> . . . .
> f. The person's reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully forfeited and the person has exhausted the appeal procedure of section 903A.3, subsection 2.

There are modified venue provisions for postconviction-relief actions, as follows:

> However, if the applicant is seeking relief under section 822.2, subsection 1, paragraph "f", the application shall be filed with the clerk of the district court of *the county in which the applicant is being confined* within ninety days from the date the disciplinary decision is final.

Iowa Code § 822.3 (emphasis added).

Rees contends he is not claiming any credit was forfeited. Rather, he contends the IDOC failed to properly apply his credit for time previously served in jail toward his sentences. Our record is very sparse. In fact, the record does not reflect that the State ever raised the issue of the proper venue or sought dismissal of Rees's application. Moreover, Rees's challenge to IDOC's application of his jail

credit may fall under other provisions of Iowa Code section 822.1  What we do know is Rees's convictions arose in Grundy County, and if venue is improper, Iowa Rule of Civil Procedural 1.808 requires the case to be transferred to the proper county.  On the other hand, there could be cogent reasons for the dismissal. Accordingly, we decline to speculate the reasons for the district court's conclusions or the true nature of Rees's challenge related to credit for time served.  On this record, we reverse and remand for further proceedings.

## IV.    Conclusion

The district court concluded Rees's application was filed in the wrong county.  We are unable to reach the same conclusion on this sparse record, and accordingly, we reverse and remand for further proceedings.

**REVERSED AND REMANDED.**