# IN THE COURT OF APPEALS OF IOWA

No. 22-1267
Filed April 12, 2023

**JOHN JOSEPH BENGE,**
        Plaintiff-Appellee,

**vs.**

**WAYNE MICHAEL LAUTENBACH,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wayne County, Elisabeth Reynoldson, Judge.

Wayne Michael Lautenbach appeals the denial of his motion to dismiss for lack of subject matter jurisdiction. **AFFIRMED.**

David Leitner, West Des Moines, for appellant.

John J. Benge, Lineville, self-represented appellee.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

Wayne Lautenbach asks us to decide if the district court had subject matter jurisdiction to enforce a foreign judgment that he argues did not comply with Iowa Code section 626A.2(1) (2021).[1]  His requested remedy is dismissal of the collection action against him.  He characterizes the question he presents as one of first impression.  We start with the procedural background that gets us to an Iowa court.

### The Process.

After John Benge, a Missouri lawyer, performed legal services for Lautenbach, Benge obtained a March 2021 default judgment in the Missouri courts against Lautenbach for unpaid legal fees.  In April, Benge attempted to enforce the Missouri judgment in Iowa by filing a certified, but not authenticated, copy of the order with the Wayne County, Iowa clerk of court.  In June, the clerk of court filed and sent to Lautenbach a notice of filing of foreign judgment.  Nineteen days later, Benge acknowledged receipt in a letter directed to the clerk of court disputing the filing as "highly irregular," along with other general statements about constitutional

---

[1] Section 626A.2(1) provides:

> A copy of a foreign judgment authenticated in accordance with an Act of Congress or the statutes of this state may be filed in the office of the clerk of the district court of a county of this state which would have venue if the original action was being commenced in this state.  The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of this state.  A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of the district court of this state and may be enforced or satisfied in like manner.

rights.[2]  So, the next month, Benge took steps to levy against some Iowa real estate purportedly owned by Lautenbach in Wayne County.  In August, Lautenbach filed another letter to the clerk of court along with a document entitled "Wayne-Michael: Lautenbach, Formal Challenge to the Twelve Presumptions of Law."  None of the documents addressed the venue of the case.  Next, the district court, recognizing Lautenbach's filings as a challenge to the clerk of court's authority, issued an August 2021 ruling finding the challenges were without merit and concluding "there was no timely challenge to the conclusiveness of the foreign judgment."  *See* Iowa Code § 626A.2(3).  Lautenbach did not appeal the ruling.

Then, over three months later, Lautenbach moved to quash the writ of execution and asked for a stay of "any further efforts to seize the real estate."  Because of a dispute over who held title to the real estate being executed upon,[3] Benge asked for time to address the motion to quash after discovery was completed, and the district court granted that request.  But by April 2022, while the discovery was ongoing, Lautenbach moved to dismiss the case arguing that the district court did not have subject matter jurisdiction, noting he could raise that issue at any time.  The central theme of the motion was:

> [t]he court only has subject matter jurisdiction if venue in the original action would have lied in this court.  Venue in this county would not exist if the original action was commenced in this state.  The proper venue is required to grant this court subject matter jurisdiction over the foreign judgment.

---

[2] Included with his letter were copies of some documents filed in the Missouri court where judgment was obtained.

[3] Benge attempted to collect the judgment by attaching real property that at the time of collection was titled in the name "Heavens Door Trust," but title was an underlying issue in the case because Benge alleged Lautenbach filed documents after the title transfer to the trust declaring his individual ownership in the real estate and was the sole trustee and beneficiary of the trust.

Lautenbach referenced Iowa Code section 616.17, relating to the proper venue for personal actions not otherwise provided in chapter 616. The district court conducted a reported hearing on both Lautenbach's motion to dismiss and an application for discovery sanctions filed by Benge over discovery abuses. Denying the motion to dismiss, the district court reasoned:

> [Lautenbach's] Motion asserts the case must be dismissed as the Court does not have subject matter jurisdiction. [Lautenbach] cites Iowa Code section 626A.2 in support of his Motion. As correctly stated by [Benge] in his Resistance, section 626A.2 refers to "venue," not subject matter jurisdiction. For this and all the reasons set forth in [Benge's] Resistance, [Lautenbach's] Motion to Dismiss is denied.

The district court also issued severe discovery sanctions. Lautenbach asked the district court to reconsider its ruling. After receiving the ruling denying his motion to reconsider, Lautenbach appealed.

**Disposition.**

In his appellate brief, Lautenbach frames his appeal issue as "whether the [Iowa] district court had subject matter jurisdiction to deal with the Missouri judgment." We review subject matter jurisdiction rulings for correction of errors at law. *See Schaefer v. Putnam*, 841 N.W.2d 68, 74 (Iowa 2013); *see also* Iowa R. App. P. 6.907. "A 'court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it.'" *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa 2006) (citation omitted). Our review of a district court's ruling on a motion to dismiss is also for errors at law. *See Cincinnati Ins. Co. v. Kirk*, 801 N.W.2d 856, 859 (Iowa Ct. App. 2011). "Ultimately, 'our decision to overrule or sustain a motion to dismiss must rest on legal grounds.'" *Trobaugh v. Sondag*, 668

N.W.2d 577, 580 (Iowa 2003) (quoting *Haupt v. Miller*, 514 N.W.2d 905, 907 (Iowa 1994)).

We first address Lautenbach's unpreserved argument that the Missouri judgment was not authenticated under section 622.53, which provides, "[Judgments] of another state may be proved by the attestation of the clerk and the seal of the court annexed, if there is a seal, together with a certificate of a judge, chief justice, or presiding magistrate that the attestation is in due form of law."

Benge concedes the judgment was certified but not authenticated, but he correctly points out Lautenbach never mentioned this failing to the district court. True, until this appeal, Lautenbach did not raise the question of whether the Missouri judgment was authenticated as a defense. Hence, the district court did not decide the issue as it never came up in the arguments or pleadings until now. "Generally, we will only review an issue raised on appeal if it was first presented to and ruled on by the district court." *Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 421 (Iowa 2023) (quoting *State v. Mitchell*, 757 N.W.2d 431, 435 (Iowa 2008)). We decline to take this up now as there is no reference in Lautenbach's appeal brief as to where the issue was preserved in the underlying action. *See id.* (refusing to undertake a partisan role and undertake the party's research and advocacy).

Returning to the heart of Lautenbach's appeal—his claim the court lacked subject matter—we find it "helpful at this juncture to point out the difference between a court's subject matter jurisdiction and its authority." *State v. Emery*, 636 N.W.2d 116, 119 (Iowa 2001).

Subject matter jurisdiction is the power of a court "to hear and determine cases of the general class to which the proceedings in question belong, *not merely the particular case then occupying the court's attention.*" Such jurisdiction flows from the constitution or from statutes and cannot be conferred by consent, waiver, or estoppel.

. . . [S]ubject matter jurisdiction should not be confused with authority. "A court may have subject matter jurisdiction but for one reason or another may not be able to entertain a particular case. In such a situation we say the court lacks authority to hear that particular case." A court may lack authority to hear a particular case "where a party fails to follow the statutory procedures for invoking the court's authority."

*Id.* (emphasis added) (citations omitted). Here, under the authority of chapter 626A, the Iowa district court had the power to hear cases involving the enforcement of foreign judgments. Subject matter jurisdiction can be conferred by statute and is not waived or vested by consent of the parties. *Cooper v. Kirkwood Cmty. Coll.*, 782 N.W.2d 160, 164 (Iowa Ct. App. 2010).

A court may lack authority to hear a particular case if the statutory procedures required to invoke the court's authority are not followed, but that does not implicate subject matter jurisdiction. *See Alliant Energy-Interstate Power & Light Co. v. Duckett*, 732 N.W.2d 869, 875 (Iowa 2007). Here Lautenbach argues that the foreign judgment could only be transferred to, and thus recognized in, a county "which would have had venue if the original action was being commenced in this state." *See* Iowa Code § 626A.2(1). Lautenbach asserts because he resides in Door County, Wisconsin, did not personally own any property in Iowa, and was not in Iowa for any purpose, he cannot be subject to its jurisdiction. Drilling down, Lautenbach clarifies that his argument about venue is not made in the typical mode since no venue in Iowa was appropriate, but the focus on venue addresses a requirement that must be met to access subject matter jurisdiction of

the Iowa district court. Still, this argument goes to personal jurisdiction, not subject matter jurisdiction.[4] And at the core, Lautenbach's complaint is an improper venue claim based on whether Lautenbach owned Iowa real estate in Wayne County.[5] So, this case is more in line with *Board of Directors of the Starmont Community School District v. Banke,* 474 N.W.2d 558, 561–62 (Iowa 1991) *abrogated on other grounds by Anderson v. W. Hodgeman & Sons, Inc.*, 524 N.W.2d 418, 421 n.3 (Iowa 1994) (addressing venue rules in administrative actions). In *Banke,* the district court concluded:

> Of importance to the present case is the distinction we drew in [*Christie v. Rolscreen Co.*, 448 N.W.2d 447 (Iowa 1989)] between jurisdiction (or authority to hear the case) and venue. As a general rule, venue designates "[t]he particular county . . . in which a court with jurisdiction may hear and determine a case." *Black's Law Dictionary* 1396 (5th ed. 1979). A statutory venue provision is subject to Iowa Rule of Civil Procedure [1.808]. *Christie,* 448 N.W.2d at 451. The rule provides that any infirmity in venue is waived unless, prior to answer, the defendant moves to transfer the case to the proper county. *Id.; see* Iowa R. Civ. P. [1.808(1)].

474 N.W.2d at 561–62 (finding the failure to move to transfer venue within the time allowed defeated defendant's claim over jurisdiction (second alteration in original)). And while Lautenbach initially raised general issues about the appropriateness of filing the foreign judgment in Iowa, those allegations were ruled upon in early 2021 and Lautenbach did not appeal from that decision.

---

[4] The Due Process Clause of the federal Constitution "limits a state's power to exercise personal jurisdiction over a nonresident defendant." *Shams v. Hassan*, 829 N.W.2d 848, 854 (Iowa 2013). Personal jurisdiction can be exercised only if minimum contacts exist between the state and the individuals so that the state may reasonably exert jurisdiction over the person. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316, 320 (1945).

[5] Venue is proper in actions for recovery of real property in the county in which the property is situated. *See* Iowa Code § 616.1. Lautenbach waited 359 days to raise venue.

At the hearing on the motion to dismiss, Benge offered a "that ship has sailed" analogy and pointed out that Lautenbach waived his improper venue claim by failing to timely challenge it under the rules. He emphasized, as developed above, that Lautenbach missed the distinction between subject matter jurisdiction and venue, by noting "there's nothing in the Iowa case law or Iowa statutes that provides the filing of an action in the proper county as a prerequisite to confer any subject matter jurisdiction on this Court." Because all of his eggs were in the subject-matter-jurisdiction basket and that argument proved to be unsuccessful, Lautenbach's motion to dismiss was properly denied. We affirm the district court's ruling.

Last, going to what Lautenbach calls "subsidiary issues" that are directed to the merits of the collection case, Lautenbach maintains "the [Heavens Door] trust is considered a disregarded entity for purposes of execution." Under his theory in his appellate brief, he asserts the trust was irrevocable and he was neither a settlor, trustee, or beneficiary of that trust. Contending he transferred any interest he had in 2016, Lautenbach maintains the trust assets were not available for collection. Benge disputes these subsidiary issues are before our court. As a discovery sanction, the district court ordered that Lautenbach's pleadings were stricken and these facts were established:

> a. The Trust was not properly established at the time of the execution of the Warranty Deeds of Defendant purportedly conveying the residence and lots located in Lineville to the Trust;
> b. The Trust is a revocable trust;
> c. Defendant is the sole grantor of the Trust;
> d. Defendant is the sole beneficiary of the Trust;
> e. The Trust is a "disregarded entity";
> f. Defendant is the owner of the assets that he transferred or attempted to transfer into the Trust.

While he continues to dispute the trust ownership issues in his appellate brief, Lautenbach makes no argument about the merits of the sanctions imposed. We agree that the issue of the sanctions is not before us, and we find that the district court's imposition of sanctions makes the ownership issue moot; so, we do not address those claims. *See Ronnfeldt*, 984 N.W.2d at 421 (requiring the litigant to brief and argue an issue raised).

We affirm the denial of Lautenbach's motion to dismiss.

**AFFIRMED.**